UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**TASHA C. PATRICK,**

    **Plaintiff,**

    v.

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

Case No. 2:14-cv-2346
JUDGE GREGORY L. FROST
Magistrate Judge Terence P. Kemp

## ORDER

    This action seeks review under 42 U.S.C. § 405(g) of a decision by Defendant, the Commissioner of Social Security, that denied applications for disability benefits and supplemental security income filed by Plaintiff, Tasha C. Patrick.  In a November 30, 2015 Report and Recommendation, the Magistrate Judge recommended that this Court overrule Plaintiff's statement of errors and enter judgment in favor of Defendant.  The matter is now before the Court for consideration of the Magistrate Judge's Report and Recommendation (ECF No. 21), Plaintiff's objections (ECF No. 22), and Defendant's response to the objections (ECF No. 24).  For the reasons that follow, the Court overrules the objections and adopts the Report and Recommendation.

    When a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b).  Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).

Plaintiff presents a relatively straightforward objection, asserting that the Report and Recommendation is flawed because it concluded that substantial evidence existed to support the underlying decision of the administrative law judge ("ALJ").  But, Plaintiff reasons, the ALJ's decision was predicated on an unduly narrow definition of "adaptive functioning." Consequently, Plaintiff concludes, although there may be record evidence to support the application of the narrow definition of "adaptive functioning," the impropriety of how the analysis was framed and the consequent misapplication of the record warrant remand. According to Plaintiff, the ALJ should have employed a standard using a broader definition of "adaptive functioning" culled from the American Psychiatric Association's definition of "adaptive-skills limitations."

Plaintiff is attempting to draw too fine a distinction in order to present reversible error. The Sixth Circuit has explained that "[a]daptive functioning includes a claimant's effectiveness in areas such as social skills, communication, and daily living skills." *West v. Comm'r Soc. Sec. Admin.*, 240 F. App'x 692, 698 (6th Cir. 2007).  Similarly, another judicial officer in this Circuit has explained that "loss of adaptive functioning . . . means that the person can no longer perform activities of daily living, maintain social relationships, and so on." *Jones v. Comm'r of Soc. Sec.*, 2015 WL 3539337, at *5 (W.D. Tenn. June 4, 2015).  These statements do not condemn the ALJ's comment that "[a]daptive functioning refers to an individual's ability to cope with the challenges of ordinary everyday life" and that "courts have held that if one is able to navigate activities such as living on one's own, taking care of children, paying bills, and avoiding eviction one does not suffer from deficits in adaptive functioning."  (ECF No. 8-2, at Page ID # 48-49.)

2

This Court is not convinced that the ALJ's summary articulation of the standard was as unduly narrow as Plaintiff contends.

More important than the articulated summary of the standard, however, is the ALJ's application. After reviewing that application, this Court is not convinced that the record fails to contain substantial evidence to support the ALJ's ultimate conclusions.

As the Magistrate Judge explained well in the Report and Recommendation, substantial evidence exists in the record to support the conclusions of the ALJ, even if there is also record evidence of Plaintiff's difficulties. Plaintiff disagrees with the weight assigned to the evidence supporting the ALJ's analysis and, to an extent, the interpretation of the evidence, but this Court cannot say that the ALJ was in error. This is because the record evidence cited in the Report and Recommendation indicates that although Plaintiff is not functioning as she might wish, she is performing the activities of daily living, even if more details ideally could have been provided. This leads to two additional points.

First, the lack of detail regarding some evidence is not dispositive. The Sixth Circuit has affirmed a decision to deny benefits where, "despite ambiguity in the record, substantial evidence supported the ALJ's conclusion." *Lafferty v. Apfel*, 172 F.3d 873, 1998 WL 887274, at *1 (6th Cir. 1998) (unpublished table decision) (describing *Mullen v. Bowen*, 800 F.2d 535 (6th Cir. 1986)).

Second, the disagreement over the weight and nature of the evidence at the core of Plaintiff's objection fails to present error. *See Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) ("The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion."); *Her v. Comm'r of Soc.*

3

*Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999) ("Even if the evidence could also support another conclusion, the decision of the Administrative Law Judge must stand if the evidence could reasonably support the conclusion reached."); *Lafferty*, 172 F.3d 873, 1998 WL 887274, at *4 (""[Plaintiff's] problem is that the ALJ's findings are not subject to reversal simply because substantial evidence exists in the record to support a different conclusion.  A reviewing court must affirm if the ALJ's decision is supported by substantial evidence, even if there is also substantial evidence to support the opposite result." (citations omitted)).

In light of the foregoing, the Court **OVERRULES** Plaintiff's objections (ECF No. 22), **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 21), **OVERRULES** Plaintiff's statement of errors (ECF No. 9), and **AFFIRMS** the decision of the Commissioner. This Court **DIRECTS** the Clerk to enter judgment in favor of Defendant and terminate this action on the docket records of the United States District Court for the Southern District of Ohio, Eastern Division.

**IT IS SO ORDERED.**

    /s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE